UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

ARRON L. DeCLUE,                )
                                )
        Petitioner,              )
                                )
    v.                           )   CAUSE NO. 4:14-CV-012 WL
                                )
SUPERINTENDENT,                  )
                                )
        Respondent.              )

OPINION AND ORDER

Arron L. DeClue, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In MCF #13-10-0365, DeClue was found guilty of possessing a dangerous weapon. (DE 9-5 at 1.) The charge was initiated on October 28, 2013, when Correctional Officer P. Lowe prepared a conduct report stating as follows:

> On above date and approx time I Ofc Lowe found a white plastic piece with edge in a tote container on bed 137. I also found tattoo paraphenilia [sic] in a bowl I shelf area belonging to said offender. Alcohol pads, ink, ink containers [and] paper clips to make needles.

(DE 9-1 at 1.) A picture of the item as well as a pen, the notice of confiscated property, and evidence card were all attached to the conduct report. (*Id.* at 2-4.)

On October 31, 2013, DeClue was formally notified of the charge and given a copy of the conduct report. (DE 9-1 at 1; DE 9-2.) He pled not guilty, declined the assistance of a lay advocate, waived the 24-hour notice requirement, and did not request any witnesses. (DE 9-2.) As physical evidence he requested that the hearing officer "review evidence and photos." (*Id.*) He claimed that the item was a "putty knife from art supplies for painting." (*Id.*) Thereafter, the screening officer sent an email to another staff member inquiring whether the putty knife could be "ordered as an arts and crafts supply through rec." (DE 9-3 at 1.) The staff member responded

"No, they cannot be ordered from the rec. dept. They are probably both stolen items as one appears to be a G2 jel [sic] ink pen. The other white piece is a ceramic cleaning supply that we used in the arts and crafts room to clean ceramic items." (*Id.*)

On November 12, 2013, a hearing was held on the charge. (DE 9-5 at 1.) DeClue made the following statement in his defense: "I brought it from Westville. I use it for painting mountains and doing line work for art." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) He lost 90 days of earned-time credits, among other sanctions. (*Id.*) His administrative appeals were denied. (DE 9-6; DE 9-7.)

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

DeClue first claims that various Indiana Department of Correction ("IDOC") policies were violated, including that the notice of confiscation was not properly completed because it listed the item as "unauthorized property" rather than as a "dangerous weapon." (*See* DE 9-1 at 3.) Even if IDOC rules were violated, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S.

2

Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Giving the petition liberal construction, DeClue may be arguing that he did not receive proper notice of the charge. Due process requires that an offender receive written notice of the charges at least 24 hours before the hearing. *Wolff*, 418 U.S. at 566. The basic purpose of the notice is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). To that end, the notice must include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Id.* Here, DeClue received considerably more than 24 hours notice, since he was screened on October 31, 2013, and the hearing did not occur until November 12, 2013. The screening notice included the number of the rule violated, and the conduct report, along with the attachments, contained more than enough detail about the incident to enable him to prepare a defense. DeClue was obviously well aware of the facts underlying the charge and did prepare a defense, as he argued that the item was an art utensil which he had obtained through proper channels. Based on the record, he has not established a violation of his due process rights.

DeClue also appears to claim that he was denied evidence. A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v.*

3

*Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, DeClue did not request any witness statements at the time of screening, and as physical evidence he requested only that the hearing officer "review evidence and photos." (DE 9-2.) The hearing officer considered this evidence in reaching his decision. (DE 9-5 at 1.) DeClue appears to argue that the knife itself, rather than a photo of it, should have been presented at the hearing. He did not specifically request this at the time of screening, and he cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Furthermore, the respondent reasonably takes the position that an item confiscated as a dangerous weapon will not be presented at a disciplinary hearing for security reasons. *See Piggie*, 342 F.3d at 666. DeClue was given a photo of the item for use at the hearing, and the size and shape of the item can be readily discerned from the photo. DeClue made the hearing officer well aware of his claim that the item was nothing more than a harmless art utensil. He has not explained how viewing the item itself would have exculpated him from the charge. *See Jones*, 637 F.3d at 847. Accordingly, he has not established a violation of his due process rights.

DeClue also challenges the sufficiency of the evidence. In assessing the sufficiency of the evidence in the prison disciplinary context, the relevant standard is whether there is "some evidence" to support the guilty finding. *Hill*, 472 U.S. at 457. The court will not "conduct an

4

examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A guilty finding can be overturned for insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, a knife-like item with an edge was found in DeClue's cell. The hearing officer reasonably determined that this item could be used as a weapon to harm other inmates or staff. DeClue argues that there is no evidence he "altered" the item, but this was not the basis of the charge. Rather, he was found guilty of possessing an item that could be used as a dangerous weapon. DeClue argues that he only had the item for use in his art work, but the hearing officer was not required to credit his explanation. To be constitutionally adequate, the evidence need not point to only one logical conclusion; the question is whether there is some evidence to support the determination made by the hearing officer. *See Hill*, 472 U.S. at 457 (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statement constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). That standard is satisfied here. Accordingly, this claim is denied.

Finally, DeClue argues that the conduct report was written for improper reasons. He argues that he was "profiled" because he is "white and bald," and was thus considered an "Aryan" by correctional staff. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. However, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, even if the charge was initiated for improper reasons, the protections to which DeClue was entitled are the protections afforded by *Wolff*. As explained above, DeClue has not demonstrated a violation of any of his *Wolff* rights.

For these reasons, the petition (DE 1) is **DENIED**.

SO ORDERED.

ENTERED: July 10, 2014

    s/William C. Lee
William C. Lee, Judge
United States District Court